GULF MISSISSIPPI MARINE CORPO-
RATION, Plaintiff-Appellant,

v.

CONTINENTAL INSURANCE COMPA-
NY et al., Defendants-Appellees.

No. 77–2493

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1978.

George A. Frilot, III, Richard B. Foster,
New Orleans, La., for plaintiff-appellant.

Henry J. Read, New Orleans, La., Big-
ham, Englar, Jones & Houston, New York
City, for defendants-appellees.

Before AINSWORTH, MORGAN and
GEE, Circuit Judges.

PER CURIAM:

Plaintiff Gulf Mississippi Marine Corpo-
ration appeals from the district court's deci-
sion holding that defendant Continental In-
surance Company was not liable under the
indemnity policy held by plaintiff for the
costs incurred in defending a claim without
the consent of defendants. We are called
upon to construe the following clause of the
insurance policy:

"in cases where the liability of the Vessel
has been contested or proceedings have
been taken to limit liability, with the
consent in writing, of a majority (in
amount) of the Underwriters on the hull
and machinery, we will also pay a like
proportion of the costs which the Assured
shall thereby incur or be compelled to
pay."

Plaintiff contends that the proper con-
struction of this clause is that written con-
sent of the Underwriters is necessary for
the payment of costs for "proceedings . .
to limit liability," but that the written con-
sent clause does not modify "cases where
the liability of the Vessel has been contest-
ed." Plaintiff's proffered interpretation is
unconvincing. The clause in question natu-
rally and properly modifies both contests of
liability and proceedings to limit liability.
There is no comma between the phrases
describing the two different types of pro-
ceedings in which potentially indemnifiable
costs could be incurred, and it is therefore
reasonable to read the subsequent modify-
ing clause as relating to both of the preced-
ing phrases. We find that the district
court's Findings of Fact and Conclusions of
Law correctly state the facts and interpret
the law in this case.

AFFIRMED.